

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# USA v. Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Lopez" (2008). *2008 Decisions.* Paper 921.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/921

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-3734

UNITED STATES

v.

ISRAEL VALENTIN LOPEZ,
Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
District Court No. 01-CR-00363-10
District Judge: The Honorable Berle M. Schiller

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH,
and FISHER, *Circuit Judges*

(Filed: July 2, 2008)

_____

OPINION

_____

SMITH, *Circuit Judge.*

On June 19, 2003, Israel Valentin Lopez pleaded guilty to conspiracy to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. Lopez had a total offense level of 38 and a criminal history category of II which resulted in a Sentencing Guidelines range of 262 to 327 months of imprisonment. On November 6, 2003, the District Court sentenced Lopez to 262 months in prison with a five-year period of supervised release. Lopez timely appealed that sentence on November 12, 2003. This Court vacated the sentence and remanded the case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The District Court gave Lopez a downward variance, sentencing him to 220 months of imprisonment with a ten-year period of supervised release. This timely appeal followed.[1]

Lopez argues that the District Court erred by imposing an unreasonable sentence. The sentence was unreasonable, he contends, because: he lacked a criminal history; his counsel did not adequately prepare him for proffer sessions; and it was disproportionate to the lighter sentences of the other members of the conspiracy. We conclude that the sentence was reasonable and we will affirm the

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

judgment of the District Court.

We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines. *United States v. Hawes*, 523 F.3d 245, 249 (3d Cir. 2008). We review the sentence for reasonableness under an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Lopez first argues that he lacked a criminal history. However, the record shows otherwise as both the pre-sentence report and his attorney, during the first sentencing hearing, noted that he had a prior criminal conviction in 1995.

Lopez also argues that his prior counsel failed to prepare him for proffer sessions with the Government. Lopez argued that his prior counsel spent virtually no time with him and did not advise him in preparing for the proffer. Even if this were true, Lopez failed to raise this issue at the resentencing hearing. Furthermore, Special Agent Gerry Turner testified at the original sentencing hearing that when Lopez was given an opportunity to provide information about co-conspirators he was uncooperative and unwilling to acknowledge even his own actions. In any event, we fail to see how the inadequacy of legal representation during, or leading up to, a proffer session should serve as a mitigating factor in the determination of an appropriate sentence. At best, it would seem an issue more appropriately raised in a Section 2255 proceeding.

3

Lastly, Lopez argues that his sentence is disproportionate because several of his similarly situated co-conspirators received substantially lighter sentences. The District Court acknowledged this disparity and explained to Lopez that several of his co-conspirators had received lesser sentences because they had fully cooperated with the government. Lopez had not. Nevertheless, the sentence of 220 months still represented a downward variance from the guideline range of 262 to 327 months.

Because the District Court considered the 18 U.S.C. § 3553(a) factors, and because Lopez's arguments are without merit, we conclude that the sentence was reasonable and we will affirm the judgment of the District Court.